UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


RICHARD G. DYKHOUSE,

    Petitioner,

                                                                Case No. 2:07-cv-164

v

                                                                Hon. Wendell A. Miles

LINDA METRISH,

    Respondent.

_____/


ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION


       On September 11, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that Richard G. Dykhouse's petition for writ of habeas corpus be denied as time-barred.  Petitioner has filed a "Motion for Evidentiary Hearing" in lieu of objections to the R & R.  The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, and having considered petitioner's objections as stated in his "Motion for Evidentiary Hearing," agrees with the  recommended disposition contained in the R & R.  Judgment will therefore be entered accordingly.


**Discussion**

       The Magistrate Judge properly found that the petition is time-barred, and petitioner has

not objected to this conclusion. However, even if the petition was not time-barred, it would be subject to dismissal on other grounds. The court notes that in his petition, petitioner states that he previously filed a petition for writ of habeas corpus which was denied on the merits. Dykhouse v. LeCureux, No. 1:96cv487 (filed June 21, 1996). Therefore, his application should have been considered a second and/or successive petition for habeas corpus.

Petitioner's conviction became final after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661, 121 S.Ct. 2478, 2481-2482 (2001). Under the AEDPA, a state prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not pointed to the existence of any order by the court of appeals authorizing this court to consider his petition. Therefore, even if the petition had been timely filed, the claims asserted are not properly before this court.

In his "Motion for Evidentiary Hearing," petitioner – who cites to outdated authority – argues that he is entitled to an evidentiary hearing. However, the AEDPA greatly curtailed federal habeas court discretion to conduct evidentiary hearings. "AEDPA generally prohibits federal habeas courts from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 n.1 (2007) (citing 28 U.S.C. § 2254(e)(2)). Moreover, no evidentiary hearing is appropriate where

the petition is clearly subject to dismissal on procedural grounds.

## Conclusion

IT IS HEREBY ORDERED that the R & R of the Magistrate Judge is approved and adopted as the decision of the court. The petition will be dismissed with prejudice.

IT IS FURTHER ORDERED, for the reasons stated in the R & R and adopted by the court, that a certificate of appealability is DENIED as to each issue raised in the petition.

Entered this 28th day of January, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge